Andrew E. Smyth, Esq. SBN 60030
Stephen S. Smyth, Esq. SBN 248433
William J. Smyth, Esq. SBN 265374
SW SMYTH LLP
4929 Wilshire Boulevard, Suite 690
Los Angeles, California 90010
Telephone: (323) 933-8401
Facsimile: (323) 933-6089
office@smythlo.com

Attorney for Cindy Gunadi,
Frank Mayor, and Cinevision Global Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CINEVISION INTERNATIONAL INC.,<br><br>Debtor(s). | CASE NO. 2:11-bk-40813-TD<br><br>Chapter 7<br><br>**DEFENDANTS' RESPONSE TO OSC, SUPPLEMENTAL DECLARATION OF FRANK MAYOR.**<br><br>Date: July 1, 2015<br>Time: 10 am<br>**Courtroom 1345**<br>**255 E. Temple St**<br>Los Angeles, CA 90012 |

## RESPONSE TO OSC

Creditors Frank Mayor and Cindy Gunadi respond to this Court's order to show cause as follows:

1). Creditors request that the previous Opposition to the Issuance of an OSC filed as document 191 on July 1, 2015 be considered by this Court as Creditors opposition to the issuance of sanctions, and,

2). Hereby submit Creditor Frank Mayor's further declaration in opposition to sanctions.

Respectfully Submitted,

DATED:    June 10, 2015

                                              Respectfully submitted,

                                              SW SMYTH LLP

                                     By: _____

                                             Andrew E. Smyth
                                             Attorney for Defendants

---

2

DEFENDANT'S RESPONSE TO OSC, SUPPLEMENTAL DECLARATION OF FRANK MAYOR

# SUPPLEMENTAL DECLARATION OF FRANK MAYOR

I, Frank Mayor, declare:

I am a Defendant in this case and the former owner and CEO of Cinevision International Inc., the bankrupt company at issue in this case. I have personal knowledge of all the matters set forth herein and if called as a witness, I could and would competently testify thereto. This Declaration is filed as a Supplemental Declaration to the one filed as Exhibit A (pages 11-39) to the Opposition to Plaintiff's Application for OSC filed June 1, 2015, apparently after the OSC had already been issued.

1. Plaintiff Trustee Wolkowitz's Attorney filed an action for Turnover and Accounting in this case on April 19, 2014, more than two years after the debtor company's Chapter 11 case was converted to Chapter 7, on March 22, 2012 at the request of the Trustee. Contrary to Yourist's allegation that his letter requesting turnover was ignored and he "was forced to bring suit against Mayor and Gunadi for turnover," I had several conversations with him and emphatically stated that I believed we had legitimate ownership of both the equipment and DVDs allegedly belonging to the debtor by reason that we paid off equipment leases that we had personally guaranteed after Debtor was unable to make payments and repossession was threatened and had purchased the DVDs from distributor E-1 for the cost of shipping them to our facility after the Trustee failed to make arrangements to deal with them and E-1 was about to destroy them at a net cost to the estate. I also pointed out that the equipment in question was mostly computers and software nearly eight years old, and that neither the equipment nor the DVDs comprised of assets that could be considered consequential enough to be of any benefit to the estate - ie were essentially valueless.

2. Yourist's statement that "during the course of the turnover litigation, the Trustee discovered that Mayor had stolen $10,500 in cash from the Estate" is particularly outrageous and downright libelous, particularly as he was provided with documentation showing that the original agreement signed between Cinevision International Inc. and Momedia was terminated and in fact a new agreement was entered into between successor corporation Cinevision Global, Inc. and Momedia on July 16, 2012 after the bankruptcy of Cinevision International Inc. was converted to Chapter 7 (See Opposition to Application for OSC, Exhibit A, pages 17-21).

3. That the Trustee obtained a Partial Summary Adjudication in his favor based on the fact that the Court sustained his evidentiary objection to my original Declaration (based on our failure to timely file a Separate Statement of Uncontroverted Facts and Conclusions of Law) certainly does not prove anything, and the Exhibits attached to my original declaration clearly show not only that the monies due from Momedia were pursuant to the new agreement for titles from the AIM Group Film Library entered into well after Debtor's bankruptcy was converted to Chapter 7, but that the original distribution agreement between Aim Group LLC and Debtor was terminated back in June 20, 2011 even prior to Debtor's Chapter 11 filing and therefore Debtor had no right to any receivables! (Exhibit A to Opposition to Application for OSC, page 21).

4. Despite our disappointment at the Court's granting of Summary Adjudication on what we considered a technicality and our strong feelings that we had legitimately acquired both equipment and DVDs and did not owe the Estate any money, we turned over the sum of $10,500 and I had my chief engineer assemble all of the equipment ordered to be turned over and stored it in one of our post rooms, where it sat for nearly three months despite repeated requests that the equipment and DVDs be picked up, which finally occurred on June 1, 2015.

5. Turning now to Trustee's contentions regarding our failure to file the proper schedules or disclose assets, as noted in my own deposition quoted in Plaintiff's Application for OSC, I did turn over all information regarding any assets of Cinevision International Inc to my lawyer and did review the information on the application, and it was my belief at the time that everything had been properly declared and filed. My wife and I spent more than $40,000 of our own money to hire a top bankruptcy lawyer, Marc Lieberman, on behalf of debtor, in an attempt to save a corporation we had invested more than $2 million in, and we followed his advice at all times and believed that the proper schedules had been filed and proper information disclosed.

6. In any case, the accounting of the DVDs did not occur until well after the petition was filed and E-1 terminated the distribution agreement with Debtor. At that time, Trustee sold some of the DVDs to E-1 but failed to make arrangements for the remainder that E-1 did not want, despite repeated entreaties for him to do so (See Declaration of Mark Lieberman in Exhibit A to the Opposition to the Application for OSC pages 40-41 and 75-76). When E-1 informed me they

were about to destroy the DVDs at a net cost to the estate and offered to sell them to me for the cost of shipping them to my facility, I reasonably assumed that the Trustee had abandoned them and that I would actually be saving the Estate the cost of the destruction of the DVDs.

7. Likewise, most of the equipment leases were entered into by my original holding company, Aim Group LLC, even before Debtor started operations, with Debtor being added as an afterthought to help build up its nonexistent credit, and I personally guaranteed all of the leases. The arrangement between Debtor and Aim Group was that Debtor was to make payments for use of the equipment but title would stay in Aim Group's name. As Debtor was often unable to make payments, I or my various other companies, often had to make payments in its stead, and even before Debtor converted to Chapter 7, I personally paid off one of the leases to avoid repossession and personal liability after being personally sued by the creditor (See Exhibit A to Opposition to OSC pages 25-30), which I have now had to turnover to the Estate despite having a pretty good faith claim to being the legitimate owner of the property.

8. In short, at all times in this whole arduous process, my wife and I have done our best to act in good faith to comply with all the bankruptcy rules, and spent a lot of our own money to hire counsel and try to save our company, to the point where we have not even been able to afford counsel to represent us in these turnover proceedings until now, obviously to our great detriment, as we have been forced to turnover equipment, DVDs and monies we legitimately believed were ours due to what clearly seems to have been a technical filing error on our part. Even if it is accepted that we somehow erred in withholding the assets in question, they hardly seem to constitute "consequential assets of benefit to the Estate" that would justify a turnover action and nearly $100,000 in attorney fees that were not granted as part of the Partial Summary Adjudication and should not be granted now as compensatory damages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration is executed on this 5th day of June, 2015 at Los Angeles, California.

X _____
FRANK A. MAYOR

_____5_____
DEFENDANT'S RESPONSE TO OSC, SUPPLEMENTAL DECLARATION OF FRANK MAYOR

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4929 Wilshire Blvd, Suite 690
Los Angeles, CA 90010

On 6/10/2015 I served the document described as **DEFENDANTS' RESPONSE TO OSC, SUPPLEMENTAL DECLARATION OF FRANK MAYOR** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/10/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Andrew Edward Smyth**    office@smythlo.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Edward M Wolkowitz (TR)**    emwtrustee@lnbrb.com, ewolkowitz@ecf.epiqsystems.com
- **Bradley J. Yourist**    byourist@gmail.com, djy@youristlaw.com;atroy@youristlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 6/10/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Thomas B. Donovan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/10/2015 | Michelle Yi | /s/ Michelle Yi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

6
DEFENDANT'S RESPONSE TO OSC, SUPPLEMENTAL DECLARATION OF FRANK MAYOR

1  Daniel J. Yourist, Esq
   Bradley J. Yourist
2  Yourist Law Corporation APC
   11111 Santa Monica Blvd #100
3  Los Angeles, A 90025
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

DEFENDANT'S RESPONSE TO OSC, SUPPLEMENTAL DECLARATION OF FRANK MAYOR